(No. 75-1226—

ROBERT W. GENTY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 6, 1976.*

ARTHUR J. O'DONNELL, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; MELBOURNE A. NOEL, JR., Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant filed a claim for $20,252.40 for salary alleged to be due him during the time of his suspension from duty as an Illinois State Trooper from December 9, 1972, to and including August 21, 1974.

The amended complaint sought an additional sum of $1,080.00 as compensation for vacation and holiday allowances he had not received, and Claimant seeks to subtract this amount from his earnings made in outside employment during the time he was suspended.

A stipulation was entered into by the parties hereto, which stipulation is as follows:

It is hereby stipulated and agreed by and between Dwight E. Pitman, Superintendent of State Police, Department of Law Enforcement, through his attorney, William J. Scott, Attorney General of the State of Illinois, and Robert W. Genty, Jr., I.D. No. 1761, through his attorney, Arthur J. O'Donnell, as follows:

1. That any and all charges brought before the Merit Board by the Superintendent against Trooper Genty in cause No. 72-2 will be and the same are withdrawn effective this date;

2. That Trooper Robert W. Genty's suspension from duty, entered December 8, 1972, is hereby withdrawn; and Trooper Robert W. Genty, Jr. is restored to active duty as a Trooper in the Illinois State Police with seniority unimpaired;

3. That Trooper Robert W. Genty, Jr. is entitled to compensation for wages and benefits as a Trooper of the Illinois State Police during the period of his suspension from duty from December 9, 1972, to and including August 21, 1974, subject to applicable rules of the Division of State Police, Illinois Department of Law Enforcement, and the applicable rules of the Illinois Court of Claims, including but not limited to rules, if any, regarding the set-off of wages actually earned against compensation claimed.

4. That the Division of State Police, Illinois Department of Law Enforcement, shall not oppose any timely and proper petition or claim for compensation for wages and benefits, in accordance with paragraph No. 3 above, which may be brought by Robert W. Genty, Jr. in the Illinois Court of Claims or before any other appropriate agency of the State of Illinois;

5. Trooper Robert W. Genty, Jr. shall voluntarily tender his resignation from the Division of State Police, Illinois Department of Law Enforcement, effective 12:01 a.m., August 22, 1974.

From the evidence introduced at the hearing and as a result of the stipulation filed herein, it appears that the Claimant, Robert W. Genty, Jr. was suspended as an Illinois State Trooper by the State Police Merit Board.

A lawsuit was filed in the Circuit Court of Cook County, and as a result of said lawsuit an agreement was entered into by the Claimant and the State of Illinois whereby Claimant would be restored to full duty as a State Trooper and be allowed to recover his loss of earnings for the time he was suspended upon the condition of his resigning from the State Police Force.

It was stipulated that Claimant's earnings during

the time of his suspension were $20,252.40. At the hearing, it was determined that during the period of his suspension Claimant earned the sum of $9,928.25 which should be deducted from the Claimant's earnings during the period of this suspension.

As a State Trooper, Claimant was entitled to certain vacation and holiday allowances as per applicable State Police Departmental Regulations. He seeks to subtract these vacation and holiday allowances which total $1,080.00 from the earnings he made in outside employment while suspended.

The question therefore which presents itself is whether or not Claimant is entitled to these vacations and holiday allowances as claimed.

Claimant cites the case of *Wagner vs. State of Illinois,* No. 5208, 26 Ill.Ct.Cl. 402, as being on all fours with the present case. In that case, while the suspended Claimant was employed in private industry he received a lower hourly rate than he would have received as a highway patrolman, and instead of working 45 hours per week as a highway patrolman he averaged approximately 60 hours per week.

Claimant also cites the case of *Burke vs. State of Illinois,* 26 Ill.Ct.Cl. 267. In that case, a claim was filed by the surviving heirs of one Madge Clark who was an employee of the Illinois State Training School for Girls at Geneva, Illinois. At the time of her death, it appeared she was entitled to 16-1/2 work days of vacation time and 10-1/2 work days of accumulated time. A stipulation was entered into by the parties allowing the amount due for accumulated vacation time and accumulated work days at the time of decedent's death.

In the present case, the stipulation says nothing about vacation or other accumulated time.

Matters of this nature have been passed upon several times by this Court. In no instance except by stipulation was any award given for vacation time or accumulated work days.

In the case of *King, Lassin and Leslie vs. State of Illinois,* 26 Ill.Ct.Cl. 396, an award was entered which allowed Claimants' pay due them during their period of suspension. The same was true in the case of *Wagner vs. State of Illinois,* 26 Ill.Ct.Cl. 402, and also in the case of *Sullivan vs. State of Illinois,* 26 Ill.Ct.Cl. 117.

In the case of *Farber vs. State of Illinois,* 25 Ill.Ct.Cl. 89, the Court held that when the Claimant has done everything possible to mitigate damages, he is entitled to back salary. Nothing was said about any employment benefits, etc.

In the case of *Schneider vs. State of Illinois,* 22 Ill.Ct.Cl. 453, the Court goes into great detail as to what a Claimant in a situation such as the present one is entitled. This case held that where a Civil Service employee is illegally prevented from performing his duties and is reinstated by a Court of competent jurisdiction, he is entitled to the salary attached to said office for the period of his removal. There was a full and complete discussion of this matter in that particular case, but nowhere was it held that Claimant was entitled to anything other than the amount due him in back salary.

It therefore appears to this Court that Claimant is entitled to the sum of $10,324.15. This amount represents his stipulated gross earnings of $20,252.40 during his period of suspension less his earnings from outside employment in the amount of $9,928.25.

An award is hereby entered in the amount of Ten Thousand Three Hundred Twenty-Four and 15/100 Dol-

lars ($10,324.15), less any deductions that should be made for Federal income tax, State income tax, and State Employees' Retirement System.